Case 1:15-cr-00552-ERK   Document 152   Filed 11/19/19   Page 1 of 4 PageID #: 929

MANDATE

18-2320
United States v. Dodd

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand nineteen.

Present:
    ROBERT A. KATZMANN,
        *Chief Judge*,
    JOHN O. NEWMAN,
    MICHAEL H. PARK,
        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.        No. 18-2320

MICHAEL DODD, AKA MIKE, AKA MICHAEL STANLEY,

    *Defendant-Appellant*.

---

For Appellant:      Colleen P. Cassidy, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY.

For Appellee:      Jack James Dennehy (David C. James, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

1

MANDATE ISSUED ON 11/19/2019

Appeal from a judgment entered on November 30, 2016 in the United States District Court for the Eastern District of New York (*Korman*, J.) convicting defendant of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and 1956(a)(2) and imposing various conditions of supervised release.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the lower court is **AFFIRMED IN PART AND VACATED IN PART**.

Defendant Michael Dodd appeals from a judgment convicting him of conspiracy to commit money laundering and imposing certain conditions of supervised released. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Dodd pleaded guilty to a single count information charging him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and 1956(a)(2). On June 15, 2016, the district court sentenced Dodd to 33 months' imprisonment and three years of supervised release.

Dodd argues that two of the conditions of supervised release imposed by the district court in its written judgment are invalid because the court did not orally pronounce them at sentencing: (1) a prohibition on maintaining or opening any bank or financial accounts without approval from his probation officer, and (2) a requirement that, on request, he produce annual tax returns to the Probation Department. The government concedes that the first condition must be vacated because it was not included in the oral sentence. However, it argues that, even if the second condition was not expressly stated at the oral sentencing, it falls within the "special conditions" recommended in § 5D1.3(d)(3) of the Sentencing Guidelines and so is permissible.

"We review de novo the asserted discrepancy between the spoken and written terms of [a] sentence. It is a question of law whether the spoken and written terms of a defendant's sentence differ impermissibly." *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018).[1]

"The Federal Rules of Criminal Procedure provide that a defendant must be present at pronouncement of sentence." *Id.* at 208. Therefore, after a sentence has been pronounced, the written judgment may clarify the terms of the spoken sentence, but may not add to them. *See United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999). If there is a substantive discrepancy between the spoken and written versions of a defendant's sentence, the spoken version ordinarily controls. *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).

We have nonetheless allowed a written modification of the spoken sentence when the modification added a condition of supervised release classified as "mandatory" or "standard" in § 5D1.3(a) and (c) of the Guidelines. "[R]ather than conflicting with the oral sentence," we explained, "the standard and mandatory conditions listed in the written judgment reflected a clarification of what the oral pronouncement meant by 'supervised release.'" *United States v. Thomas*, 299 F.3d 150, 153 (2d Cir. 2002). We later held that the "special' conditions" listed in § 5D1.3(d) are, when the conditions listed for their imposition are present, "no different in practical terms from 'standard' conditions, that is, they are generally recommended." *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002) (per curiam).

Among the "special conditions" listed in § 5D1.3(d) is § 5D1.3(d)(3), which recommends that, "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine," as it did here, then the court should impose "a condition requiring the defendant to provide the probation officer access to any requested financial information." We

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

3

have specifically affirmed the addition of a condition in the written judgment that "mirrors § 5D1.3(d)(3)." *Thomas*, 299 F.3d at 154.

Tax returns are "financial information." If the district court had imposed a condition of supervised release mirroring § 5D1.3(d)(3), as it did in *Thomas*, then Dodd would have been required to provide his tax returns to his probation officer upon request. The written judgment thus simply "clarifie[s]," *Truscello*, 168 F.3d at 63, that tax returns are among the "financial information" covered in § 5D1.3(d)(3) and does not impose any additional obligation.

For the reasons set forth above, we **AFFIRM** the judgement insofar as it imposed a special term of supervised release requiring the defendant to provide the Probation Department, upon request, with yearly income tax returns, **VACATE** the judgment insofar as it imposed a special term of supervised release prohibiting the defendant from maintaining or opening any financial accounts without the Probation Department's approval, and **REMAND** with directions to strike that condition of supervised release.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4